**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**JOYCE A. BOND,**

     **Plaintiff,**

**v.**                                                          **Case No: 5:13-cv-520-Oc-GKS-PRL**

**COMMISSIONER OF SOCIAL**
**SECURITY**

     **Defendant.**

---

**REPORT AND RECOMMENDATION[1]**

This case is before the Court on Plaintiff's appeal of an administrative decision denying her application for Disability Insurance Benefits ("DIB"). The Court has reviewed the record, the memoranda, and the applicable law. For the reasons set forth herein, the Commissioner's decision should be **AFFIRMED.**

### I.  Procedural History and Summary of the ALJ's Decision

On November 4, 2009, Plaintiff filed an application for Disability Insurance Benefits alleging an onset of disability as of February 8, 2008. (Tr. 21). Her application was denied initially, and upon reconsideration. Following a hearing before an Administrative Law Judge (ALJ) on December 14, 2011 (Tr. 49-82), the ALJ issued an unfavorable decision on March 2, 2012. (Tr. 21-35). The Appeals Council denied Plaintiff's request for review, and the ALJ's

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

decision dated March 2, 2012 became the final decision subject to review under 42 U.S.C. § 405(g).   (Tr. 1-6).

At the time of the ALJ's decision, Plaintiff was fifty-two (52) years of age.   (Tr. 56). Plaintiff has less than a ninth grade education, as she left school when she was pregnant and never obtained her high school equivalency certificate.   (Tr. 63).   Plaintiff has prior work experience as a sign language interpreter, caregiver, housekeeper, and as an inspector in a warehouse.   (Tr. 63-67).

The ALJ determined that Plaintiff had the following severe impairments:   stable meningioma, diabetes mellitus, hypertension, obesity, obstructive sleep apnea, syncopal episodes/arrhythmia, status post pacer insertion, degenerative disc disease of the cervical spine status post cervical fusion, fibromyalgia, mild osteoarthritis hips and pelvis, major depressive disorder, panic disorder, and borderline intellectual functioning.   (Tr. 23).   The ALJ found that Plaintiff had the residual functional capacity (RFC) to perform light work, with the following limitations: no climbing of ladders/ropes/scaffoldings, no work at heights or with dangerous moving machinery, no driving as part of the job, only occasional stooping, crouching, and climbing of stairs, limited to routine tasks with periods of concentration limited to two hours at a time before having the opportunity to take a regular work break, only occasional change in the work setting, no travel to unfamiliar places, and only occasional contact with the general public, no work in large crowds, and no need for intensive confrontational interaction with others.   (Tr. 26).

Relying on the testimony of a vocational expert, the ALJ found that Plaintiff could perform unskilled light jobs that exist in significant numbers in the national economy for someone of Plaintiff's age, education, work experience, and residual functional capacity, such as cleaner

housekeeper, office helper, marker, and sorter of agricultural produce.   (Tr. 35).   Accordingly,

the ALJ determined that Plaintiff was not disabled.   (Tr. 35).

## II.  Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial

gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to either result in death or last for a continuous period of not less than twelve months.

42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).   The Commissioner has established

a five-step sequential analysis for evaluating a claim of disability.   *See* 20 C.F.R. §404.1520.   The

claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the

Commissioner.   *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the

correct legal standards and whether the findings are supported by substantial evidence. *McRoberts*

*v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390

(1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence.

42 U.S.C. §405(g).   Substantial evidence is "more than a scintilla, i.e., evidence that must do more

than create a suspicion of the existence of the fact to be established, and such relevant evidence as

a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d

1553, 1560 (11th Cir. 1995)(per curiam)(internal citations omitted); see also *Dyer v. Barnhart*,

395 F.3d 1206, 1210 (11th Cir. 2005).

When the Commissioner's decision is supported by substantial evidence, the district court

will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if

the reviewer finds that the preponderance of the evidence is against the Commissioner's decision.

*Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356,

1358 (11th Cir. 1991)(per curiam).   "The district court must view the record as a whole, taking

into account evidence favorable as well as unfavorable to the decision."   *Foote,* 67 F.3d at 1560;

*see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992)(stating that the court must

scrutinize the entire record to determine the reasonableness of the factual findings).

### III.  Arguments on Appeal

Plaintiff raises two arguments on appeal:   (1) that the ALJ erred by failing to fully develop

the record and to order updated consultative examinations given the lack of current detailed

examination findings; and (2) that, despite crediting the opinions of the state agency physician, the

ALJ failed to analyze Plaintiff's upper extremity limitations.   (Doc. 18, p. 1).

### a.  The ALJ's Development of the Record

Plaintiff argues that, despite Plaintiff's *pro se* status and mental impairments, the ALJ erred

in failing to fully develop the record and order updated consultative examinations given the lack

of current detailed examination findings.   Plaintiff specifically contends that, although she told

the ALJ she was being seen at Shands Hospital by several different doctors and that she had an

emergency room visit for panic attacks at West Marion Hospital, the ALJ failed to obtain the

complete records of these medical visits.   Plaintiff thus argues that the ALJ did not have adequate

information to assess functioning.

In response, Defendant contends that the ALJ's decision and RFC determination is

supported by substantial evidence in the record.   *See Dyer v. Barnhart,* 395 F.3d at 211.   For the

reasons explained below, the Court agrees.

The ALJ properly developed the record concerning Plaintiff's medical condition and

abilities.   Indeed, the ALJ had a basic duty to develop Plaintiff's complete medical history for at

least the 12-month period before November 2009, the month in which Plaintiff filed her application

for benefits.   *See* 20 C.F.R. § 404.1512(d).   As demonstrated by the evidence in the record, the ALJ fulfilled this duty.

Contrary to Plaintiff's suggestion, the ALJ did not have a special or enhanced duty to develop the record.   Although Plaintiff was *pro se* at the hearing, she had previously been represented by an attorney for nearly all of the administrative proceedings.   (Tr. 3, 6-16, 21, 52, 86-89, 107, 111-12, 115, 117, 124, 130, 138-41, 143-47, 152, 158, 170, 176, 186, 188, 196, 303-09, 396-97, 408-09, 425-30).   At the hearing, Plaintiff was informed of her right to representation, and she knowingly and voluntarily waived this right in writing.   (Tr. 49, 52-54).   *See Graham v. Apfel,* 129 F.3d 1420, 1422 (11th Cir. 1997).   Plaintiff has not challenged her waiver of this right (Doc. 18), therefore the ALJ did not have a special or enhanced duty to develop the record.   *See id.* (finding that only when a claimant's right to representation has not been waived does the ALJ's obligation to develop the record rise to a special duty).

As Defendant argues, it appears that the medical records from Shands are complete or substantially complete.   The record contains outpatient treatment records by primary care physicians Rebecca Beyth, M.D., and Umna Ashfaq, M.D.; treatment records from UF Med Plaza Internal Medicine with Rebecca Pauly, M.D., as well as x-rays, pathology reports, blood and urine test reports, and a gastric exam and test report.   (Tr. 857-66).   Plaintiff is simply mistaken in arguing that, "it does not appear that any of the treating physician records (as opposed to ER records) were obtained."   Doc. 18, p. 10.

Further, although Plaintiff did not provide records from the West Marion Hospital, the ALJ nonetheless included Plaintiff's statement that she had been treated for a panic attack as part of the medical exhibits.   (Tr. 868).   As Defendant argues, the claimant bears the burden of proving disability, and is consequently responsible for producing evidence in support of her claim.   *Ellison*

*v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).   Moreover, Plaintiff has failed to show how she was prejudiced by the absence of the treatment record itself.   *See Graham*, 129 F.3d at 1423 ("there must be a showing of prejudice before it is found that a claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record").

With regard to consultative examinations, the Court agrees that ordering additional consultative examinations was not necessary because the record contained sufficient evidence for the ALJ to make an informed decision.   (Tr. 434-870).   *See Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1269 (11th Cir. 2007).   Indeed, the decision to obtain a consultative examination is within an ALJ's discretion.   *See* 20 C.F.R. § 404.1517 (if an ALJ finds there is insufficient evidence from a claimant's medical sources to make a determination, then the ALJ may order a consultative exam); 20 C.F.R. § 404.1519 (the decision to obtain a consultative exam is made on an individual case basis).

Indeed, the record is ample.   It contains records dating from 2008 from Plaintiff's family physician Pamela Lynch, M.D. (Tr. 507), an October 2008 consultative examination by psychiatrist Michael Vandehey, Ph.D. (Tr. 478), hospital records and test results from February 2009 (*See e.g.,* Tr. 488, 494-95), records related to Plaintiff's permanent pacemaker placement (Tr. 560-62, 565-66, 586, 837-38, 844, 846-47), and follow-up hospital records (Tr. 549, 554, 558). The evidence includes records from Plaintiff's treating physician from March and April 2009 (Tr. 517, 541-42, 548), a treating neurologist (Tr. 630), an obstetrician/gynecologist (Tr. 586-618), psychiatrist (Tr. 658-66), and treating physician in May 2009 (Tr. 540).

There are also ample medical records from 2010, including records from a treating psychologist (Tr. 641), treating physician (Tr. 768), and a reviewing agency physician (Tr. 696-

99).   Plaintiff's records from 2011 include hospital records (Tr. 739, 742-46), and records from

her treating physician (Tr. 827).   Plaintiff's 2012 records include cervical x-rays showing a bony

fusion and moderate spondylosis, and osteoarthritis.   (Tr. 857-58).

Based upon the ample evidence in the record, the Court finds that the ALJ had sufficient

evidence to make an informed decision.   *See Ingram*, 496 F.3d at 1269.   Notably, Plaintiff does

not argue that the record was lacking in any particular regard.   Plaintiff has not identified any

specific impairment or aspect of her condition that lacks sufficient evidence or development.

Plaintiff's argument that additional consultative examinations would support her claim is mere

speculation.   *See Moore v. Barnhart,* 405 F.3d 1208, 1213 (11th Cir. 2002) (rejecting claimant's

challenge that was based on extrapolation and conjecture as insufficient to disturb the ALJ's

finding).

### b.    The ALJ's Consideration of the Opinion of the State Agency Physician

Plaintiff next argues that the ALJ did not explain why she was not crediting the opinion of

the state agency physician as far as upper extremity limitations, despite otherwise crediting the

opinion.   Plaintiff contends the ALJ erred in failing to make any findings as far as upper extremity

limitations.   (Doc. 18, p. 13).

Plaintiff's argument pertains to the opinion of state agency consulting physician Dr.

Irlandez, who opined regarding Plaintiff's manipulative limitations.   Dr. Irlandez stated,

"Overhead reaching limited to frequently in BUE.   Handling limited to frequent."   (Tr. 698).

Plaintiff argues that the ALJ failed to make any findings regarding her ability to reach or handle,

and failed to explain why she was not fully crediting the state agency opinion.

As Defendant argues, however, the ALJ found greater exertional limitations than Dr.

Irlandez, and expressly identified and gave significant weight to certain limitations opined by Dr.

Irlandez (such as regarding exposure to hazards and climbing) because they were supported by the record.  (Tr. 31, 696-97).  Defendant argues that the ALJ implicitly rejected other limitations opined by Dr. Irlandez, including frequent handling and overhead reaching, as not supported by the record.   (Tr. 31, 697-98).

Indeed, the record contains evidence supporting the ALJ's RFC, including Dr. Greenbaum's note that Plaintiff could raise her arms fully over her head (Tr. 29-30, 540), Dr. Ghooray's examination findings including normal strength (Tr. 29, 627), and Dr. Gonzalez's records wherein he did not report any abnormal upper extremity findings.   (Tr. 29, 769-70)   Thus, substantial evidence of record conflicts with Dr. Irlandez's opinion regarding manipulation limitations.   Accordingly, the ALJ properly rejected that opinion.

In any event, even if Plaintiff's RFC had included a restriction to only frequent handling and overhead reaching, none of the jobs identified by the vocational expert require more than frequent handling or overhead reaching.  (Tr. 35, 79-80).  *See* United States Dep't of Labor, *Dictionary of Occupational Titles*, §§ 239.567-010 (1991 WL 672232); 323.687-014 (1991 WL 672783); 529.687-186 (1991 WL 674781) (4th ed. rev. 1991).   Thus, any error would be harmless. *See Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (holding that an error is harmless when it would not contradict the ALJ''s ultimate finding).

Upon a review of the record, substantial evidence supports the ALJ's finding that Plaintiff was not disabled during the relevant period.   *See* 20 C.F.R. § 404.1520(g) (holding a claimant is not disabled if she can perform other work that exists in significant numbers nationally); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)(holding a claimant must prove she cannot perform jobs identified by the Commissioner at step five of the sequential evaluation).

## IV.  RECOMMENDATION

For the reasons stated above, the Court finds that the ALJ's decision is supported by substantial evidence.   It is therefore respectfully **RECOMMENDED** that the ALJ'S decision be **AFFIRMED**.

**DONE AND ENTERED** in Ocala, Florida, on February 3, 2015.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies to:

District Judge
All Counsel